UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Civil Action No.:**

ADVANCED AERODYNAMICS, L.L.C.,
a Florida limited liability company,

        Plaintiff,

v.

UNMANNED COWBOYS, LLC,
an Oklahoma limited liability company,

        Defendant.
_____/

## COMPLAINT

Plaintiff, ADVANCED AERODYNAMICS, L.L.C. ("Plaintiff" or "Advanced"), by and through undersigned counsel, sues Defendant, UNMANNED COWBOYS, LLC ("Defendant" or "Unmanned Cowboys"), and alleges:

### The Parties

1. Plaintiff, Advanced, is a Florida limited liability company with its principal place of business in Broward County, Florida.

2. Defendant, Unmanned Cowboys, is an Oklahoma limited liability company doing business throughout the United States, including within this District.

### Jurisdiction and Venue

3. This is an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*, and other related claims.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as it is an action relating to patents.

1

5. Upon information and belief, Unmanned Cowboys has offered for sale and/or sold the products accused of infringement within Florida, which relates to the claims asserted by Advanced, and out of which Advanced's claims, in part, arise. Specifically, among other things, Unmanned Cowboys, through its officers and/or predecessors in interest, have offered the products accused of infringement for sale in Florida at trade shows.

6. Upon information and belief, Unmanned Cowboys has operated, conducted, engaged in and/or carried on business within the State of Florida and/or caused injury within the State of Florida. By virtue of its actions described herein, this Court's exercise of personal jurisdiction over Unmanned Cowboys is consistent with the Constitution of the United States and Fla. Stat. § 48.193.

7. Venue is proper in this district under 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(b) and (c), as Unmanned Cowboys committed acts of patent infringement in this judicial district, and Unmanned Cowboys is subject to personal jurisdiction in this judicial district.

## General Allegations

**A.  The '854 Patent.**

8. On September 10, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,528,854 ("the '854 Patent"), entitled Self-Righting Frame and Aeronautical Vehicle. A true and correct copy of the '854 Patent is attached hereto as **Exhibit "A."**

9. Advanced is the sole owner of the '854 Patent via assignment and holds all rights, title and interest in the '854 Patent.

10. The '854 Patent claims an aeronautical device with a self-righting frame assembly that allows the device to right itself from an inverted state to an upright state.

**B.     The '667 Patent.**

11.     On June 30, 2015, the United States Patent and Trademark Office issued United States Patent No. 9,067,667 ("the '667 Patent"), entitled Self-Righting Frame and Aeronautical Vehicle.  A true and correct copy of the '667 Patent is attached hereto as **Exhibit "B."**

12.     Advanced is the sole owner of the '667 Patent via assignment and holds all rights, title and interest in the '667 Patent.

13.     The '667 Patent claims an aeronautical device with a self-righting frame assembly that allows the device to right itself from an inverted state to an upright state.

14.     The '667 Patent stemmed from Application Number 14/022,213 (the '213 Application"), which was filed on September 9, 2013.

15.     The '213 Application was published on January 16, 2014.  The claims in the '213 Application ultimately issued in substantially identical form in the '667 Patent.

**B.     Unmanned Cowboys' Infringement of the '854 Patent and '667 Patent.**

16.     Unmanned Cowboys makes, uses, sells, and/or offers for sale within the United States a self-righting aeronautical vehicle device called the "All Terrain Land & Air Sphere – ATLAS" (the "ATLAS" or "Infringing Product").

17.     Unmanned Cowboys' ATLAS is covered by one or more claims of the '854 Patent and Unmanned Cowboys' manufacture, use, sale, and/or offering for sale of the ATLAS infringes one or more claims of the '854 Patent. More specifically, Unmanned Cowboys' ATLAS device is covered by and infringes upon at least Claim 10 of the '854 Patent.

18.     Unmanned Cowboys' ATLAS is covered by one or more claims of the '667 Patent and Unmanned Cowboys' manufacture, use, sale, and/or offering for sale of the ATLAS

infringes one or more claims of the '667 Patent. More specifically, Unmanned Cowboys' ATLAS device is covered by and infringes upon at least Claims 1, 10 and 18 of the '667 Patent.

19.  Unmanned Cowboys was, at all material times, aware of the '854 Patent and the '667 Patent, but has made, used, sold and/or offered for sale the Infringing Product despite such knowledge. Unmanned Cowboys' unauthorized production, use, sale and/or offering for sale of the Infringing Product is willful and intentional.

20.  All conditions precedent to the filing of this action have been fulfilled or waived.

21.  Advanced has retained the undersigned counsel to represent it in this action and is obligated to pay undersigned counsel's reasonable attorneys' fees, which fees, together with costs, Advanced is entitled to recover from Unmanned Cowboys pursuant to 35 U.S.C. § 285.

## COUNT I
## Infringement of the '854 Patent

22.  Advanced re-alleges and re-avers paragraphs 1-21 as though fully set forth herein.

23.  Advanced is the owner of the '854 Patent and holds all rights, title and interest in the '854 Patent.

24.  Unmanned Cowboys has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '854 Patent by making, using, selling, and/or offering for sale within the United States products that embody one or more of the claims of the '854 Patent, or by contributing to infringement, inducing others to infringe the '854 Patent, or carrying out acts constituting infringement under 35 U.S.C. § 271.

25.  The conduct of Unmanned Cowboys as set forth hereinabove, including, for example, Unmanned Cowboys' making, using and/or selling the ATLAS, gives rise to a cause of action for infringement of the '854 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

26. Unmanned Cowboys has manufactured, used, offered for sale, and/or sold the Infringing Product despite an objectively high likelihood that its actions constitute infringement.

27. The foregoing acts have been and continue to be deliberate, willful and wanton.

28. Unmanned Cowboys has gained profits by virtue of its infringement of the '854 Patent.

29. By reason of the foregoing, Advanced has suffered and will continue to suffer damages and irreparable harm and is, therefore, entitled to monetary and/or injunctive relief against Unmanned Cowboys, pursuant to 35 U.S.C. §§ 283–85, as more fully set forth herein. Unless enjoined, Unmanned Cowboys will continue its infringing conduct.

## COUNT II
### Infringement of the '667 Patent

30. Advanced re-alleges and re-avers paragraphs 1-21 as though fully set forth herein.

31. Advanced is the owner of the '667 Patent and holds all rights, title and interest in the '667 Patent.

32. Unmanned Cowboys has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '667 Patent by making, using, selling, and/or offering for sale within the United States products that embody one or more of the claims of the '667 patent, or by contributing to infringement, inducing others to infringe the '667 Patent, or carrying out acts constituting infringement under 35 U.S.C. § 271.

33. The conduct of Unmanned Cowboys as set forth hereinabove, including, for example, Unmanned Cowboys' making, using and/or selling the ATLAS, gives rise to a cause of action for infringement of the '667 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

34. Unmanned Cowboys has manufactured, used, offered for sale, and/or sold the Infringing Product despite an objectively high likelihood that its actions constitute infringement.

35. The foregoing acts have been and continue to be deliberate, willful and wanton.

36. Unmanned Cowboys has gained profits by virtue of its infringement of the '667 Patent.

37. By reason of the foregoing, Advanced has suffered and will continue to suffer damages and irreparable harm and is, therefore, entitled to monetary and/or injunctive relief against Unmanned Cowboys, pursuant to 35 U.S.C. §§ 283–85, as more fully set forth herein. Unless enjoined, Unmanned Cowboys will continue its infringing conduct.

## COUNT III
### Infringement of Provisional Rights

38. Advanced re-alleges and re-avers paragraphs 1-21 as though fully set forth herein.

39. Between the time of the publication of the '213 Application and the issuance of the '667 Patent, Unmanned Cowboys made, used, sold and/or offered for sale products that infringed the invention as claimed in the '213 Application.

40. Unmanned Cowboys was on actual notice of the '213 Application from at least May 2015 forward.

41. The claims in the '667 Patent issued in substantially identical form to the claims in the '213 Application.

42. Unmanned Cowboys is liable for infringement of the provisional patent rights pursuant to 35 U.S.C. § 154(d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADVANCED AERODYNAMICS, L.L.C., prays for judgment as follows:

  A. Finding Defendant, UNMANNED COWBOYS, LLC, liable for infringement of the '854 Patent.

  B. Finding Defendant liable for infringement of the '667 Patent.

  C. For temporary and permanent injunctive relief enjoining Defendant and its respective officers, employees, and agents, and all persons or entities in active concert or participation with Defendant, from:

    1. manufacturing any products falling within the scope of the claims of the '854 Patent or the '667 Patent;

    2. using any product falling within the scope of any of the claims of the '854 Patent or the '667 Patent;

    3. selling, offering to sell, licensing or purporting to license any product falling within the scope of any of the claims of the '854 Patent or the '667 Patent;

    4. importing any product into the United States which falls within the scope of any of the claims of the '854 Patent or the '667 Patent;

    5. actively inducing others to infringe any of the claims of the '854 Patent or '667 Patent;

    6. engaging in acts constituting contributory infringement of any of the claims of the '854 Patent or the '667 Patent; and

    7. all other acts of infringement of the '854 Patent and the '667 Patent;

  D. For judgment finding the infringement of Defendant to be willful, and for an award of enhanced damages in connection with such finding;

  E. For judgment finding this to be an exceptional case and awarding Plaintiff its costs and attorneys' fees incurred herein;

F.    An award of damages adequate to compensate Plaintiff for infringement of the '854 Patent and the '667 Patent, in an amount to be proven at trial, including treble damages, lost profits damages, reasonable royalty damages, and other damages allowed by 35 U.S.C. § 284;

G.    For judgment finding that Plaintiff is entitled to provisional patent rights pursuant to 35 U.S.C. § 154(d), and that Defendant is therefore subject to a damages award;

H.    An award of Plaintiff's costs in bringing this action, pursuant to at least 28 U.S.C. § 1920 and 35 U.S.C. § 284;

I.    An order that Plaintiff be granted pre-judgment and post-judgment interest; and

J.    Such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ADVANCED AERODYNAMICS, L.L.C., hereby demands a jury trial on all issues so triable.

Dated: December 22, 2015

Respectfully submitted,

By: /s/Joshua D. Martin
Joshua D. Martin
Florida Bar No. 028100
josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd., Suite 430
Fort Lauderdale, Florida  33309
Telephone:  (954) 790-6699
Facsimile:  (954) 206-0017

*Attorneys for Plaintiff, Advanced Aerodynamics, L.L.C.*